**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL ANTONIO GONZALEZ,          )<br>                              )<br>          Plaintiff,          )<br>                              )<br>     v.                       )<br>                              )<br>MICHAEL YARBOROUGH, et al.,   )<br>                              )<br>          Defendants.         )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>_____) | **1:02-CV-6456 OWW WMW P**<br><br>**MEMORANDUM DECISION AND<br>ORDER DENYING PLAINTIFF'S<br>REQUEST FOR RELIEF UNDER<br>FED. R. APP. P. 4(a)(6)** |

## I.  INTRODUCTION

Manuel Antonio Gonzalez ("Plaintiff"), a state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983 in 2002.  Plaintiff's complaint was dismissed without prejudice on September 20, 2004.  Doc. 21.  His motion for reconsideration of the dismissal was denied on March 4, 2005, along with his motions for appointment of counsel pursuant to 28 U.S.C. 1915(e)(1) and for a certificate of appealability pursuant to 28 U.S.C. § 2253.  *Id*.  Plaintiff has appealed these rulings.  *See* Doc. 24 (Notice of Appeal), filed Feb. 7, 2005.  The United

States Court of Appeals for the Ninth Circuit remanded the case to the district court for the limited purpose of ruling on plaintiff's request for relief under Federal Rule of Appellate Procedure 4(a)(6), contained within his notice of appeal.

## II.  PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on November 12, 2002, seeking relief under 42 U.S.C. § 1983 against officials employed by the Department of Corrections at the California Correctional Institution ("CCI") at Tehachapi.  Doc. 1.  Plaintiff's claims arise out of the refusal of a classification committee at CCI to place Plaintiff in a sensitive needs yard.  *Id*.

Plaintiff's complaint was dismissed on March 26, 2004.  Doc. 15, "March 26, 2004, Dismissal Order."  Plaintiff was granted thirty days from the date of service of the March 26, 2004, Dismissal Order to file an amended complaint.  *Id*. at 5.

The Certificate of Service for the March 26, 2004, Dismissal Order states that Plaintiff was served with the order via U.S. Mail on March 29, 2004, at the following address:

> Manuel Antonio Gonzalez
> SVSP3
> Salinas Valley State Prison
> PO Box 1060
> Soledad, CA 93960

This was the last address provided by Plaintiff.  Doc. 14, filed Oct. 15, 2003).

The March 26, 2004, Dismissal Order was "returned to sender" on April 9, 2004.  Doc. 16.  This order was subsequently re-served on Plaintiff on May 26, 2004, via U.S. Mail at the following address:

Manuel Antonio Gonzalez
Salinas Valley State Prison
T-42888
PO Box 1060
Soledad, CA 93960

*Id.* at Certificate of Service.  No further "return to sender" notices regarding the March 26, 2004, Dismissal Order, appear in the file.  Plaintiff did not file an amended complaint.

Two and one-half months later, on August 10, 2004, United States Magistrate Judge Wunderlich filed Findings and Recommendations ("F&Rs"), recommending the action be dismissed for failure to comply with a court order to amend the complaint. Doc. 19, at 3.  The F&Rs allowed the parties thirty days from service to file written objections.  *Id.*  Plaintiff was served with the F&Rs via U.S. Mail on August 11, 2004, at the following address:

Manuel Antonio Gonzalez
Salinas Valley State Prison
T-42888
PO Box 1060
Soledad, CA 93960

*Id.* at Certificate of Service.  No "change of address" or "return to sender" notices for the August 11, 2004 F&Rs appear in the file.  Neither Plaintiff nor any other party filed objections to these F&Rs.[1]

On September 17, 2004, the district court filed an Order adopting the F&Rs in full and dismissing the action without

---

[1] On May 2, 2004, Plaintiff was also served with an Order referring this case to a different United States Magistrate Judge.  Doc. 17.  This document was returned to sender because it did not bear a "CDC Number."  Doc 18, entered May 26, 2004.  The document was re-served on plaintiff on May 29, 2004, and was not returned to sender.

3

prejudice for Plaintiff's failure to prosecute.  Doc. 20,
"September 17, 2004, Dismissal Order," at 2; *see also* Doc. 21,
Judgment Dismissing Action, filed September 20, 2004.  Plaintiff
was served with this order and the respective judgment closing
the case, on September 20, 2004, via U.S. Mail at Plaintiff's
same last-known address to which the Findings and Recommendations
were sent.  *Id*. at Certificates of Service.  There is no evidence
that either the September 17, 2004 order or the September 20,
2004 judgment were returned to sender.

     Four months later, on January 20, 2005, Plaintiff filed a
Motion to Appoint Counsel and a Motion for Reconsideration.
Docs. 23, 24.  The motion for reconsideration alleged that prison
officials were interfering with the delivery of his legal mail.
In this motion, Plaintiff stated, "I received my legal property
on 12-21-04," but Plaintiff did not clarify precisely what
documents were included in this "legal property."  Doc. 23 at 4.
Plaintiff also expressed confusion as to why his case had been
dismissed: "Plaintiff has no idea if this [] case was dismissed
for failure to prosecute?"  *Id*.

     On February 7, 2005, Plaintiff filed a motion for
certificate of appealability, Doc. 24, and a notice of appeal,
Doc. 25.  Plaintiff asserts in his motion for certificate of
appealability that he was not aware that the case had been closed
until January 25, 2005 when he was informed that the case had
been dismissed with prejudice.  Doc. 25. at 1.

     On March 4, 2005, the district court denied Plaintiff's
motion to appoint counsel, motion for reconsideration, and motion
for certificate of appealability.  Doc. 30.  There is no

**4**

1  indication in the file that this order was returned to sender.

2      Subsequent to the district court's March 4, 2005 order,

3  Magistrate Judge Wunderlich issued an administrative order

4  denying Plaintiff's motion for the appointment of counsel.  This

5  motion was served upon defendant, but was returned to sender

6  because the served copies did not bear a "booking number."  Doc.

7  32, filed Mar. 22, 2005.

8      On April 11, 2005, the Ninth Circuit Court of Appeals

9  remanded the case to the district court for the limited purpose

10 of ruling on Gonzalez's request for relief under Federal Rule of

11 Appellate Procedure 4(a)(6) to reopen the time to file his

12 appeal.  Doc. 35.  The Ninth Circuit suggested that this motion

13 under rule 4(a)(6) had been timely filed.  *Id*. at 1.

14

15              III.  **LEGAL ANALYSIS**

16     Petitioner's February 7, 2005 notice of appeal arguably

17 contained within it a request for relief under Federal Rule of

18 Appellate Procedure 4(a)(6) to reopen the time to file his

19 appeal.  Rule 4(a)(6) allows a district court to reopen the time

20 for appeal provided the following conditions are satisfied:

21

22          (A)  the motion is filed within 180 days after the
                 judgment or order is entered or within 7 days
23               after the moving party receives notice of the
                 entry, whichever is earlier;

24          (B)  the court finds that the moving party was entitled
                 to notice of the entry of the judgment or order
25               sought to be appealed but did not receive the
                 notice from the district court or any party within
26               21 days after entry; and

27          (C)  the court finds that no party would be prejudiced.

28

                              **5**

1        **A.   Timeliness of Request for Relief under Rule 4(a)(6)**

2        Under Rule 4(a)(6)(A) Plaintiff must file for relief under

3   Rule 4(a)(6) within 7 days after receiving notice of the entry of

4   the judgment or order being appealed.   The Court of Appeals

5   suggests that Plaintiff's motion under this provision was timely

6   filed.   Doc. 35 at 1.   However, this determination is for the

7   district court to make in the first instance.

8        The district court dismissed this action and closed the case

9   on September 17, 2004.   Doc. 20.   This order which contained a

10  judgment of dismissal without prejudice for failure to prosecute,

11  *id.* at 2., was served upon Plaintiff and was not returned to

12  sender.   On September 20, 2004, the clerk's office issued a one-

13  page judgment also prescribing that the case had been dismissed

14  without prejudice.   Doc. 21.

15       Although Plaintiff's February 7, 2005 motion for a

16  certificate of appealability asserts that he did not receive

17  notice that his case had been dismissed until January 2005, *see*

18  Doc. 25, this assertion is plainly contradicted by assertions

19  made by Plaintiff in his the "motion for reconsideration" filed

20  on January 20, 2005.   In the motion for reconsideration,

21  plaintiff claims to have received his legal property on December

22  21, 2004 and complains that he did had "no idea if this [] case

23  was dismissed for failure to prosecute."   Clearly, in order to

24  make such assertions, plaintiff must have been aware that his

25  case had been dismissed.   Accordingly, Plaintiff either became

26  aware of the dismissal in September when the order and judgment

27  were twice served on him, or, at the very latest, he became aware

28  of the dismissal when he "received his legal property on December

6

1   21, 2004." His subsequent assertion that he first became aware
2   of the dismissal on January 25, 2004 cannot be credited.

3       Giving Plaintiff the benefit of the doubt by assuming he
4   received notice of the dismissal on December 21, 2004, his motion
5   for relief under Federal Rule of Appellate Procedure 4(a)(6),
6   filed on February 7, 2005, was not timely.  The seven day filing
7   period set forth in Rule 4(a)(6)(a) would have begun to run on
8   December 21, 2004, when he allegedly received notice of the
9   judgment.  This time period would have expired on December 30,
10  2004, more than a month before Plaintiff filed his February 7,
11  2004 notice of appeal.  Because his request for relief under Rule
12  4(a)(6) was untimely, the district court cannot extend the time
13  for him to file an appeal.

14

15                  **II.  CONCLUSION**

16      For the reasons set forth above, Plaintiff's request for
17  relief under Federal Rule of Appellate Procedure 4(a)(6) is
18  **DENIED** as untimely.

19

20  **SO ORDERED**

21  **Dated: May 18, 2005**              **/s/ OLIVER W. WANGER**

22

23                              _____
                                    **Oliver W. Wanger**
24                              **UNITED STATES DISTRICT JUDGE**

25

26

27

28